**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)**

| | | |
|---|---|---|
| ALEXIS GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Paul W. Grimm |
| | ) | |
| v. | ) | Case No.: 8:19-cv-01880-PWG |
| | ) | |
| LOAN SCIENCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT LOAN SCIENCE, LLC'S
MOTION TO DISMISS**

Loan Science, LLC ("Loan Science") respectfully submits this Memorandum of law in support of its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

Plaintiff Alexis Glover filed a Complaint against Loan Science on June 26, 2019, in the United States District Court for the District of Maryland. *See* Dkt. 1. In the Complaint, Plaintiff alleges the following:

1) Loan Science claims to be the loan holder of private student loans that they claim I owe to them.

2) Proof of original promissary note was requested and an altered promissary note with my name on it was sent to me.  3) I did not make a loan with Loan Science and requested that they do not continue to bill me for a loan that was not made with them. 4) They continue to bill me despite lack of proof of ownership of this loan.

1

Dkt. 1, p. 3. The docket sheet reflects the "Nature of Suit" as one for "Other Contract", lists the "Basis of Jurisdiction" as "U.S. Government - Plaintiff", and does not designate the citizenship of the parties. Dkt. 1-1.

Plaintiff seeks the following relief in the Complaint:

1) Relief of loan debt with Loan Science.

2) Reimbursment of all monies paid to Loan Science prior to this claim.

Dkt. 1, p. 4. As reflected in the Complaint, those are her sole allegations.

However, to state a claim, plaintiff must articulate a basis for imposing liability. Plaintiff has failed to allege facts sufficient to support any federal claim (or state claim) against Loan Science, and the Court should dismiss the Complaint against Loan Science pursuant to Rule 12(b)(6).

## II.   LAW AND ARGUMENT

### A. Legal Standard for Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Delahey v. Disney Theatrical Productions, Ltd.*, No. CIV. A. RDB-08-775, 2008 WL 4443815, *2-3 (D. Md. 2008) (citing Fed.R.Civ.P. 12(b)(6)). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint." *Id.* (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "Although Rule 8(a)(2) requires only a 'short and plain statement,' a complaint must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The factual allegations contained in a complaint 'must be enough to

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Twombley*, 550 U.S. at 555). "[A] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombley*, 550 U.S. at 547.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Forte v. Bd. of Educ. of Harford Cty.*, No. CIV.A. WMN-14-1490, 2014 WL 6893829, at *3 (D. Md. Dec. 4, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court need not accept a plaintiff's legal conclusions as true, as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "notice pleading requires generosity in interpreting a plaintiff's complaint[,] ... generosity is not fantasy." *Delahey*, 2008 WL 4443815, at *3 (quoting *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998)). "Although Rule 8's notice-pleading requirements are not onerous, the plaintiff must allege facts that support each element of the claim advanced." *Kamatta v. Burwell*, No. CIV. WDQ-14-3684, 2015 WL 4548615, at *3 (D. Md. July 27, 2015) (citing *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764–65 (4th Cir. 2003)). "The complaint must not only allege but also 'show' that the plaintiff is entitled to relief." *Id.* (citing *Iqbal*, 556 U.S. at 679). "When the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.*

**B. <u>Plaintiff Fails to Allege Facts Sufficient to State a Claim Against Loan Science</u>**

Plaintiff fails to allege specific facts against Loan Science sufficient to plausibly give rise to any federal claim (or state claim), and the Complaint is subject to dismissal. In considering a Rule 12(b)(6) motion, the Court need not accept Plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments.

"Although the Court construes *pro se* complaints liberally, it is not obliged to ferret through a complaint, searching for viable claims." *Phair v. Officer Darwin Zambrana*, No. WDQ-14-2618, 2016 WL 258634, at *3 (D. Md. 2016). "Judges in this District have routinely dismissed *pro se* complaints for failure to identify the constitutional, federal, or state provisions upon which the plaintiff's claims are based." *Id.*

Here, plaintiff has entirely failed to articulate what constitutional, federal, or state provision upon which her claims are based. Moreover, she has failed to plead *any facts* in her Complaint to support a claim for liability as to Loan Science. *See Moore v. Bd. of Educ. of Baltimore Cty.*, No. CV RDB-16-3439, 2017 WL 3172820, *4 (D. Md. 2017) (noting that "a plaintiff's status as pro se does not absolve her of the duty to plead adequately").

For those reasons, plaintiff's Complaint should be dismissed.

C.   **CONCLUSION**

Even read in a light most favorable to the non-moving party, Plaintiff has failed

to state a claim for relief against Loan Science. For the foregoing reasons, Loan Science

respectfully requests this Court grant the Motion to Dismiss.[1]

Date: September 6, 2019                    Respectfully submitted,

                                           s/ *Padraic K. Keane*
                                           Padraic K. Keane # 17179
                                           Jordan Coyne, LLP
                                           10509 Judicial Drive, Suite 200
                                           Fairfax, Virginia 22030
                                           Telephone:   (703) 246-0900
                                           Fax:         (703) 591-3673
                                           E-mails:     p.keane@jocs-law.com

                                           *Attorney for Defendant*
                                           *Loan Science, LLC*

---

[1] In the alternative, Loan Science requests the Court order Plaintiff to provide a more definite statement of her claims under Fed. R. Civ. P. 12(e).

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, a true and correct copy of **Defendant Loan Science, LLC's Memorandum in Support of its Motion to Dismiss** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and via US mail to the plaintiff as designated below. Parties may access this filing through the Court's system.

Alexis Glover
14733 4th Street
Apt 385
Laurel, Maryland 20707

s/ *Padraic K. Keane*
Padraic K. Keane
*Attorney for Defendant*
*Loan Science, LLC*