# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ALEXIS GLOVER, | * |
| Plaintiff, | * |
| v. | *   Case No.: 8:19-cv-01880-PWG |
| LOAN SCIENCE, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Alexis Glover brings this action against Defendant Loan Science, LLC ("Loan Science") for the alleged unauthorized collection of a private loan. Ms. Glover alleges that Loan Science fraudulently claims to be the holder of her loan, has sent her an allegedly altered promissory note, and that it impermissibly has continued to bill her after requests to stop. Compl., ECF No. 1. Although not in the complaint, Plaintiff subsequently states her claims are based on the Fair Credit Reporting Act, "the Federal Trade Commission," the "Consumer Financial Protection Bureau," and various sections of the Fair Debt Collection Practices Act. ECF Nos. 13, 16, 21. Ms. Glover seeks both compensatory and injunctive relief. Loan Science now moves to dismiss the claims against it.[1] For the reasons discussed below, Defendant's motion to dismiss is granted and Plaintiff's claims are dismissed with prejudice.

## Background

Ms. Glover alleges that Loan Science fraudulently claims to be the holder of private

---

[1] The motion is fully briefed. *See* ECF Nos. 18, 21, 22. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

student loans in her name.  Compl., 3.  She claims that she requested that Loan Science provide her with proof of an original promissory note, and that an altered promissory note with her name on it was provided.  *Id.*  Ms. Glover denies taking out a loan with Loan Science, and alleges that she asked them not to bill her for a loan she denies entering into.  Despite her requests, however, she alleges that Loan Science continued to send her bills.  *Id.*

On September 6, 2019, Defendant filed an initial Motion to Dismiss, ECF No. 11, without complying with my Letter Order regarding the filing of motions, ECF No. 4.  Ms. Glover filed a brief in opposition on September 12, 2019.  ECF No. 13.  Ms. Glover's brief stated that this Court has jurisdiction over her claims based on the "Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act ["FCRA"], the Federal Trade Commission (FTC) [sic], and the Consumer Financial Protection Bureau (CFPB) [sic]."  *Id.*  Ms. Glover also stated that she did not make a loan with Loan Science, that she has asked Loan science for verification of the debt but has not received proper documentation to prove its ownership, that if the loans were sold to Loan Science she has not received the proper documentation, and that there were "exhibits" omitted from the documents that she did receive from Loan Science.  *Id.*  Ms. Glover asks the Court to order Loan Science to stop collecting the alleged debt, to dismiss the debt totaling $26,086.38, to refund all monies paid to Loan Science and affiliated companies, to delete all information about her from its databases, and to award her punitive damages.  *Id.*  On September 25, 2019, Defendant filed a reply.  ECF No. 14.  On October 1, 2019, I issued a Letter Order denying Defendant's motion to dismiss without prejudice for failure to follow the pre-motion procedures, and provided Ms. Glover with an opportunity to amend her complaint in light of the alleged deficiencies identified by Defendant. ECF No. 15.  Given the opportunity to amend the complaint in light of the

deficiencies identified by Defendant, I noted that any dismissal may be with prejudice. *Id.*

On October 22, 2019, Ms. Glover filed a document titled, "Plaintiff's Brief in Support of Motion for Leave to Amend the Complaint." ECF No. 16. This brief was nearly identical to Ms. Glover's brief in opposition to the initial motion to dismiss, ECF No. 13, and reiterated that her claim is based on the allegations that she did not make a loan with Loan Science and Loan Science has failed to provide proper documentation that it owns her debt. *Id.* Ms. Glover also reiterated that this Court has jurisdiction based on the FCRA, the FTC, the CFPB, and the FDCPA. *Id.* Ms. Glover did not include an actual motion or an amended complaint with her filing. On October 24, 2019, I issued a Letter Order explaining that I already had granted Ms. Glover leave to amend her complaint, but given that she is proceeding pro se, I granted her an additional opportunity to amend her complaint after which Defendant could renew its motion to dismiss. ECF No. 17. I reiterated that any dismissal may be with prejudice. *Id.*

Despite a second opportunity to amend the complaint, Ms. Glover did not do so. Pending is Defendant's renewed motion to dismiss. ECF No. 18. Ms. Glover filed a brief in opposition in which she identifies as the basis of her complaint various sections of the FDCPA codified at 15 U.S.C. §§ 1692, 1692e(14), 1692f(1), and 1692g, which describe false or misleading representations, unfair practices, and the validation of disputed debts. ECF No. 21. Defendant filed a reply. ECF No. 22.

## Standard of Review

Plaintiff's claims are subject to dismissal if they "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits or the

applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A pleading must meet the standard of Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain factual content, and more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Therefore, mere legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678. The factual allegations presented in the complaint must be construed "in the light most favorable to [the] plaintiff." *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008). Finally, a *pro se* complaint "is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Bala v. Commonwealth of Virginia Dept. of Conservation & Recreation*, 532 Fed. Appx. 332, 334 (4th Cir. 2013) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotation marks and citations omitted).

## Discussion

Defendant argues Plaintiff has failed to explain the basis for any constitutional, federal, or state claims, and otherwise failed to allege facts sufficient to state a claim. I agree.

### I. Plaintiff Failed to State a Claim Upon Which Relief may be Granted

In her complaint, Ms. Glover alleges that she did not make a loan with Loan Science and that when the a promissory note was requested she received an altered promissory note with her name on it. Compl., 3. She does not articulate any constitutional, federal, or state basis for her claims. "Although the Court construes *pro se* complaints liberally, it is not obliged to ferret through a complaint, searching for viable claims." *Phair v. Officer Darwin Zambrana*, No. CV WDQ-14-2618, 2016 WL 258634, at *3 (D. Md. Jan. 19, 2016) (internal quotation marks

omitted).  Therefore based on her complaint, Ms. Glover has failed to state a claim.

Ms. Glover's brief in opposition to Loan Science's initial motion to dismiss and brief in support of her motion to file an amended complaint stated that this Court had jurisdiction pursuant to the FDCPA, the FCRA, the FTC, and the CFPB.  *See* ECF Nos. 13, 16.  In her the opposition to Loan Science's renewed Motion to Dismiss, Ms. Glover stated that her claims are alleged under specific sections of the FDCPA.  *See* ECF No. 21.  But "[b]riefs in opposition to a dispositive motion may not be used to amend a complaint or add new claims." *Burgess v. Wehn*, No. CV TDC-18-2168, 2019 WL 4277402, at *3 (D. Md. Sept. 10, 2019).  Therefore these briefs do not cure the pleading deficiencies in her complaint.

However, "pro se complaints must be construed liberally."  *Royster v. Brennan*, 771 F. App'x 292 (4th Cir. 2019); *Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018); *see* Erickson v. Pardus, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Therefore the Court may construe Ms. Glover's various filings, however titled, as attempts to amend her complaint.  But even taking this approach, Ms. Glover's claims must be dismissed.  To begin, Ms. Glover mentioned the FCRA, the FTC, and the CFPB as bases for the Court's jurisdiction.  *See* ECF No. 13, 16.  Ms. Glover does not explain the basis for her FCRA claim.  Nor does she explain how her claim relates to the FTC or CFPB, which are two federal agencies.  Even assuming Ms. Glover intended to refer to the Federal Trade Commission Act and the Consumer Financial Protection Act, Ms. Glover does not provide any facts or explanation as to how these statutes were violated.  Further, the Federal Trade Commission Act does not provide a private right of action.  *See Marshall v. Classic Kia of Ellicott City*, No. RDB-16-1557, 2017 WL 359294, at *2 (D. Md. Jan. 25, 2017) ("'The [FTC] Act nowhere purports to confer upon private individuals . . . a right of action to enjoin the

practices prohibited by the Act or to obtain damages following the commission of such acts.'") (quoting *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973)). Therefore these claims fail.

      Ms. Glover provides more for her FDCPA claim, eventually identifying specific sections that she alleges were violated. *See* ECF Nos. 13, 16, 21. The elements of an FDCPA claim are: "1) the plaintiff has been the object of debt collection stemming from consumer debt; 2) the defendant is a third-party debt collector or has represented itself as a third party while collecting debt from the plaintiff, and; 3) the defendant engaged in practices violating the FDCPA." *Harper v. Manufacturer's & Tr. Co.*, 2011 WL 768845, *2 (D. Md. Feb 28, 2011). Such claims under the FDCPA only apply against a "debt collector." The FDCPA defines a debt collector as "[A]ny person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted **to be owed or due another** . . . . [T]he term includes any creditor who, in the process of collecting his own debts, **uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts** . . . ." 15 U.S.C. §1692a(6) (emphasis added). Ms. Glover's complaint and briefs lack any factual allegations to support the claim that Defendant qualifies as a "debt collector" under the FDCPA. Likewise, Ms. Glover's complaint and briefs lack any factual allegations to support the claims that Defendant violated §§ 1692e(14) (Defendant used a name other than its true name), 1692f(1) (Defendant attempted to collect an amount not in the underlying agreement or permitted by law), and 1692g (Defendant attempted to collect debt without providing verification after debtor disputed debt in writing within 30 days of initial communication). Therefore the alleged FDCPA claims also fail.

## II.     Dismissal with Prejudice

For the reasons stated above, Plaintiff's claims are dismissed. This dismissal is with prejudice. "'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'" *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (*quoting 180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, the plaintiff should be afforded an opportunity to amend, or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."). Here, Plaintiff was given two opportunities to amend after Defendant previously raised these deficiencies with the pleadings, putting her on notice of the exact deficiencies in her pleadings that Defendant wanted to challenge. *See* ECF Nos. 15, 17. Having clearly (and more than once) given Plaintiff the opportunity to amend, and explained the consequences for failing to do so, the Court is not required to afford her yet another chance to do amend, particularly after having construed and evaluated her briefs as if they were pleadings, and determining that they failed to state a cause of action. Therefore further opportunity for amendment would be futile and the claims are dismissed with prejudice.

## Conclusion

Plaintiff filed this complaint against Defendant for its failure to demonstrate ownership of a private loan in dispute. But Plaintiff's complaint and her subsequent briefs, construed as amendments to her complaint, fail to allege sufficient facts to support the claims against Defendant. Therefore, Plaintiff's claims are dismissed for failure to state a claim. Because Plaintiff already received two opportunities to amend her complaint in light of these deficiencies, further amendment would be futile and Plaintiff's claims are dismissed with prejudice.

**<u>ORDER</u>**

For the reasons stated in this Memorandum Opinion and Order, it is this 13th day of July 2020, hereby ORDERED that

1. Defendant's Motion to Dismiss, ECF No. 18, is GRANTED;

2. Plaintiff's claims are DISMISSED WITH PREJUDICE;

3. The CLERK is directed to CLOSE this case

/S/
Paul W. Grimm
United States District Judge
